Filed: 2/1/2023 10:17 AM
Michael Gould
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 72333778

429-00506-2023

CAUSE NO. _____

| | | |
|---|---|---|
| BRIAN HART, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | COLLIN COUNTY, TEXAS |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA, DECHANDER BROWN, AND | § | |
| VICTORIA CALDWELL, | § | |
| | § | |
| *Defendants.* | § | ____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brian Hart, ("Plaintiff"), and files *Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*, complaining of Safeco Insurance Company of Indiana ("Safeco"), Dechander Brown, ("Brown"), and Victoria Caldwell ("Caldwell") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2.  Plaintiff, Brian Hart, resides in Collin County, Texas.

3.  Defendant, Safeco Insurance Company of Indiana, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Safeco, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**. Plaintiff requests service at this time.

4.  Defendant Dechander Brown is an individual resident of Katy, Texas. Brown may be

served with citation at the address listed with the Texas Department of Insurance: **19311 Misty Cove Drive, Katy, Texas 77449**. Plaintiff requests service at this time.

5.     Defendant Victoria Caldwell is an individual resident of Plano, Texas. Brown and Caldwell may be served with citation at the address listed with the Texas Department of Insurance: **7900 Windrose Avenue, Plano, Texas 75024-0266**. Plaintiff requests service at this time.

## JURISDICTION

6.     The Court has jurisdiction over Safeco because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Safeco's business activities in the state, including those in Collin County, Texas, with reference to this specific case.

7.     The Court has jurisdiction over Brown because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Collin County, Texas, with reference to this specific case.

8.     The Court has jurisdiction over Caldwell because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Collin County, Texas, with reference to this specific case.

## VENUE

9.     Venue is proper in Collin County, Texas because the insured property is located in Collin County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Collin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

10.   Plaintiff asserts claims for breach of contract, common law bad faith, negligence, gross negligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

11.   Plaintiff owns a Safeco Insurance Company of Indiana insurance policy, number OZ4969327 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 602 Sabine Court, Allen, Texas 75013-5483 ("the Property").

12.   Safeco Insurance Company of Indiana or its agent sold the Policy, insuring the Property, to Plaintiff.  Safeco Insurance Company of Indiana represented to Plaintiff that the Policy included water damage coverage. During the policy period from January 10, 2021 to January 10, 2022, the Property sustained extensive damage resulting from a severe freeze the occurred in the Collin County, Texas area.  Safeco assigned a date of loss of February 16, 2021 to Plaintiff's claim.

13.   In the aftermath of the freeze, Plaintiff submitted a claim to Safeco against the Policy for damage to the Property.  Safeco assigned claim number 044805204-01 to Plaintiff's claim.

14.   Plaintiff asked Safeco to cover the cost of damage to the Property pursuant to the Policy.

15.   Safeco hired or assigned its agent, Dechander Brown, to inspect and adjust the claim. Brown conducted an inspection on or about March 5, 2021, according to the information contained in his estimate.  Brown's findings generated an estimate of damages totaling $10,239.23. After application of depreciation and $1,000.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the claim.

16.   Safeco also hired or assigned its agent, Victoria Caldwell, to inspect and adjust the claim. Caldwell conducted an inspection on or about June 8, 2021, according to the information

contained in her estimate. Caldwell's findings generated an estimate of damages totaling $11,639.76. After application of depreciation and $1,000.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the claim.

17.   Safeco, through its agents, Brown and Caldwell, conducted substandard and improper inspections of the Property, which grossly undervalued the cost of repairs in its estimates and yielded an unrealistic amount to underpay coverage.

18.   Safeco, Brown, and Caldwell have ultimately refused full coverage which includes, but is not limited to, repair of extensive and obvious freeze related damage to the interior of Plaintiff's property including the master bedroom, master bath, linen closet, shower, toilet closet, master closet, master entry, coat closet, powder room, family room, stairs, entry/foyer, laundry room, bar/butlers pantry, dining room, living room, kitchen, pantry, breakfast area/room, office addition, closet 1, closet 2, garage, bedroom 4, room 3, room 2, walk in closet, bath 2, game room, landing, bedroom 2, closet 2, vanity area/bedroom, bedroom 3, room 8, room 7, closet, vanity area/bedroom 3, Jack and Jill bath, linen closet, garage office, closet 2, and closet area of the property. Further, the water loss had caused damages to the exterior of the home necessitating brick repair.

19.   The replacement cost damage to Plaintiff's home is currently estimated at $322,833.94.

20.   Brown and Caldwell had a vested interest in undervaluing the claims assigned to them by Safeco in order to maintain their employment. The disparity in the number of damaged items in their reports compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Brown and Caldwell.

21.   Furthermore, Brown and Caldwell was aware of Plaintiff's deductible prior to inspecting

the Property. Brown and Caldwell had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

22.  Brown and Caldwell misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Brown and Caldwell made these misrepresentations as licensed Texas adjusters with the hope that Plaintiff would rely on their expertise and accept the bad faith estimates as a true representation of the damages.

23.  After reviewing Plaintiff's Policy, Brown and Caldwell misrepresented that the damage was caused by non-covered perils. Brown and Caldwell used their expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

24.  As stated above, Safeco, Brown, and Caldwell improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Safeco, Brown, and Caldwell misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

25.  Moreover, as a result of the claim, Defendant retained the services of Paul Davis Restoration and Stanley Steamer to perform water mitigation work on the home and contents. These companies performed deficient work under the orders of Defendant, allowing mold to spread throughout the home and additional damages. Stanley Steamer removed the contents of the home and placed them in storage where they remain today. Further, Defendant Safeco has not paid the storage invoice placing the contents in peril of being liquidated despite its obligation to do so. Further, although responsible for possession of the contents, Defendant has not made attempts to clean or preserve the

property likely resulting in damages to same. Although Plainitffs have not been able to observe the condition of the contents, the storage bill and damaged contents, and temporary replacement contents likely amount to damages well in excess of $100,000.

26. Further, the home was and remains uninhabitable due to the loss and the subsequent actions/inactions of Safeco. While Safeco tendered ALE payments for about a year, they did not reimburse for out of pocket expenses submitted. Further, ALE payments are still being incurred and have not been reimbursed. Additional, ALE is required due to the insufficient payments made by Defendant to repair the damages to the home. Further, the family has medical conditions which made living in the home impossible and places severe undue stress on the family to the prolonged period of failure to pay by Defendant Safeco.

27. Safeco, Brown, and Caldwell made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Safeco, Brown, and Caldwell made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Brown and Caldwell.

28. Plaintiff relied on Safeco, Brown, and Caldwell's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

29. Upon receipt of the inspection and estimate reports from Brown and Caldwell, Safeco failed to assess the claim thoroughly. Based upon Brown and Caldwell's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Safeco failed to provide coverage due under the Policy, and

Plaintiff suffered damages.

30. Because Safeco, Brown, and Caldwell failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

31. Furthermore, Safeco, Brown, and Caldwell failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Brown and Caldwell performed an unreasonable and substandard inspection that allowed Safeco to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

32. Safeco, Brown, and Caldwell's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

33. Safeco, Brown, and Caldwell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Safeco, Brown, and Caldwell have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Safeco, Brown, and Caldwell have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

34. Safeco, Brown, and Caldwell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Safeco, Brown,

and Caldwell failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

35. Additionally, after Safeco received statutory demand on or about November 17, 2021, Safeco has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

36. Safeco, Brown and Caldwell's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Brown and Caldwell performed biased and intentionally substandard inspections designed to allow Safeco to refuse to provide full coverage to Plaintiff under the Policy.

37. Specifically, Safeco, Brown, and Caldwell performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

38. Safeco, Brown, and Caldwell's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Brown and Caldwell's subpar inspections, Safeco failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

39. Safeco, Brown, and Caldwell's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Brown and Caldwell's intentional undervaluations of Plaintiff's claim, Safeco failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Brown and Caldwell's understatement of the damage to the Property caused

Safeco to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

40. Safeco, Brown, and Caldwell's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing him with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA

41. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

42. Safeco is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Safeco and Plaintiff.

43. Safeco's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Safeco's insurance contract with Plaintiff.

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44. Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

45. Safeco's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the

business of insurance. TEX. INS. CODE §541.060(a) (1).

46.     Safeco's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Safeco's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

47.     Safeco's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

48.     Safeco's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

49.     Safeco's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

50.     Safeco's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

51.     Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

52.     Safeco's failure to adequately and reasonably investigate and evaluate Plaintiff's claim,

even though Safeco knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

53.    Safeco's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Safeco pursuant to the DTPA.  Plaintiff has met all conditions precedent to bring this cause of action against Safeco.  Specifically, Safeco's violations of the DTPA include, without limitation, the following matters:

A.    By its acts, omissions, failures, and conduct, Safeco have violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  Safeco's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Safeco represented to Plaintiff that the Policy and Safeco's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Safeco represented to Plaintiff that Safeco's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Safeco advertised the Policy and adjusting services with the intent not to sell them

as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Safeco breached an express warranty that the damages caused by water would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Safeco's actions are unconscionable in that Safeco took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Safeco's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Safeco's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

54. Each of the above-described acts, omissions, and failures of Safeco is a producing cause of Plaintiff's damages. All of Safeco's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT DECHANDER BROWN

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. All allegations above are incorporated herein.

56. Brown's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

57. Brown is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Safeco, because Brown is a "person," as defined by TEX. INS. CODE §541.002(2).

58. Brown knowingly underestimated the amount of damage to the Property. As such, Brown

failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

59. Furthermore, Brown did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

60. Brown's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61. Brown's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62. All allegations above are incorporated herein.

63. Brown's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Brown pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Brown. Specifically, Brown's violations of the DTPA include the following matters:

A. By this Defendant's acts, omissions, failures, and conduct, Brown has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Brown's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has

become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Brown represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Brown represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Brown's actions are unconscionable in that Brown took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Brown's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.    Brown's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.    Each of Brown's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions and failures were committed "knowingly" and "intentionally" by Brown, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

65.    All allegations above are incorporated herein.

66.    Brown was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those

failures include one or more of the following acts or omissions:

    a.  Failure to conduct a reasonable inspection;

    b.  Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c.  Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

    d.  Failure to identify the cost of proper repairs to Plaintiff's Property; and

    e.  Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

67.    Brown's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

68.    At all relevant times, Brown was an agent or employee of Defendant Safeco.

69.    Brown's unreasonable inspection was performed within the course and scope of his duties with Defendant Safeco. Therefore, Safeco is also liable for the negligence of Brown through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

70.    All allegations above are incorporated herein.

71.    Brown's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.  Brown's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.  Brown had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of

Plaintiff.

72. Brown intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property on behalf of Safeco. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the third-party inspector estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## CAUSES OF ACTION AGAINST DEFENDANT VICTORIA CALDWELL

### NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

73. All allegations above are incorporated herein.

74. Caldwell's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

75. Caldwell is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Safeco, because Caldwell is a "person," as defined by TEX. INS. CODE §541.002(2).

76. Caldwell knowingly underestimated the amount of damage to the Property. As such, Caldwell failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

77. Furthermore, Caldwell did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

78. Caldwell's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and

deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

79.     Caldwell's unfair settlement practice of failing to attempt in good faith to make a prompt,
fair, and equitable settlement of the claim, even though liability under the Policy was
reasonably clear, constitutes an unfair method of competition and a deceptive act or
practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

80.     All allegations above are incorporated herein.

81.     Caldwell's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
and services provided by Caldwell pursuant to the DTPA. Plaintiff has met all conditions
precedent to bringing this cause of action against Caldwell. Specifically, Caldwell's
violations of the DTPA include the following matters:

F.      By this Defendant's acts, omissions, failures, and conduct, Caldwell has violated
sections 17.46(b)(2), (5), and (7) of the DTPA. Caldwell's violations include, (1)
failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an
estimate reflecting the proper repair of Plaintiff's Property when liability has
become reasonably clear, which gives Plaintiff the right to recover under section
17.46(b)(2).

G.      Caldwell represented to Plaintiff that the Policy and his adjusting and investigative
services had characteristics or benefits they did not possess, which gives Plaintiff
the right to recover under section 17.46(b)(5) of the DTPA.

H.      Caldwell represented to Plaintiff that the Policy and his adjusting services were of
a particular standard, quality, or grade when they were of another, in violation of

section 17.46(b)(7) of the DTPA.

I.    Caldwell's actions are unconscionable in that Caldwell took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Caldwell's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

J.    Caldwell's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

82.    Each of Caldwell's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions and failures were committed "knowingly" and "intentionally" by Caldwell, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## NEGLIGENCE

83.    All allegations above are incorporated herein.

84.    Caldwell was negligent in her actions with regard to her adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a.    Failure to conduct a reasonable inspection;

b.    Failure to include covered damage that would be discovered as a result of reasonable inspection;

c.    Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d.    Failure to identify the cost of proper repairs to Plaintiff's Property; and

e.    Failure to communicate to Plaintiff the reasons for specific determinations made

regarding the inclusion or exclusion of damage to Plaintiff's Property.

85.    Caldwell's acts and/or omissions constitute negligence. Her conduct was therefore a proximate cause of the damages sustained by Plaintiff.

86.    At all relevant times, Caldwell was an agent or employee of Defendant Safeco.

87.    Caldwell's unreasonable inspection was performed within the course and scope of her duties with Defendant Safeco. Therefore, Safeco is also liable for the negligence of Caldwell through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

88.    All allegations above are incorporated herein.

89.    Caldwell's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.   Caldwell's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.   Caldwell had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

90.    Caldwell intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property on behalf of Safeco. Her estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the third-party inspector estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

91.     Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

92.     Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

93.     The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

94.     Plaintiff currently estimate that actual replacement cost damages, personal, real and ALE to the Property under the Policy are estimates to be about $450,000 in excess of the current payments of Defendant Safeco.

95.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

96.     For breach of contract, Plaintiff is entitled to regain the benefit of their bargain, which is the amount of their claims, consequential damages, together with attorney's fees.

97.     For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

98.     For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

99.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Safeco owed, exemplary damages, and damages for emotional distress.

100.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

101.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the

Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

102. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

103. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

### JURY DEMAND

104. Plaintiff hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Collin County, Texas. Plaintiff hereby tender the appropriate jury fee.

### PRAYER

Plaintiff prays that Defendants, Safeco Insurance Company of Indiana, Dechander Brown and Victoria Caldwell, be cited and served to appear and that upon trial hereof, Brian Hart, recover from Defendants, Safeco Insurance Company of Indiana, and Dechander Brown and Victoria

Caldwell such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show he is so justly entitled.

Dated: February 1, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**jsimon@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelby Myska on behalf of Chad Wilson
Bar No. 24079587
smyska@cwilsonlaw.com
Envelope ID: 72333778
Status as of 2/6/2023 11:33 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Shelby Myska | | smyska@cwilsonlaw.com | 2/1/2023 10:17:50 AM | SENT |
| Jay Scott Simon | 24008040 | jsimon@cwilsonlaw.com | 2/1/2023 10:17:50 AM | SENT |